**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-62385-BLOOM/Valle**

AMY L. MALKIN,

Plaintiff,

v.

BANK OF AMERICA,

Defendant.
______________________________/

**ORDER**

**THIS CAUSE** is before the Court upon *pro se* Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. [3] ("Motion for IFP") and Motion to Seal, ECF No. [4] ("Motion to Seal") (collectively, "Motions"), filed in conjunction with Plaintiff's Complaint, ECF No. [1] ("Complaint"). The Court has carefully considered the Motions, the Complaint, the record in this case, and is otherwise fully advised.

Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee*

*Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

Section 1915 requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (IFP status need not be granted where one can pay or give security for the costs "and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines). The section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014).

Here, Plaintiff fails to satisfy the requirement of poverty for purposes of section 1915. Although the Motion for IFP represents that Plaintiff has no gross pay or wages, it also reflects that Plaintiff receives SSDI income, disability income, she has $137,000 in cash or in a checking or savings account, a 2014 Mercedes GLK valued at $10,000, an IRA valued at $36,000, and a residence worth approximately $430,000. Her liabilities reflect a home payment of $1438 monthly, a $273 monthly HOA, $500 monthly utilities, and annual payments of $7,600 for insurance and

$3,000 for loan repayment. Further, her debts total approximately $112,300. None of Plaintiff's representations are supported by documentation. Taken together, while Plaintiff's Motion for IFP reflects significant financial obligations, it also demonstrates an ability to support and provide necessities for herself despite payment of the required filing fee. The Court, therefore, demonstrates that Plaintiff is not unable to pay the required filing fee as required for indigent status under section 1915.

Separately, because Plaintiff has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) are applicable. In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949). Although a *pro se* litigant's pleadings are construed

more liberally than pleadings drafted by attorneys, "this leniency does not give the court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain the action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

Even under the relaxed pleading standard afforded to *pro se* litigants, Plaintiff's Complaint does not set forth cognizable claims. As an initial matter, it is not fully clear what causes of action Plaintiff alleges or even the bases for the Court's jurisdiction. For instance, while the Complaint checks off that the Court's jurisdiction is founded on Title VII of the Civil Rights Act, the ADA, "federal fraud law," among others, ECF No. [1] at 3, the Complaint fails to set forth any discernible counts, allegations specific to each cause of action, or otherwise invoke any of the provisions of these statutes. Further compounding this unclarity, the civil cover sheet, *id.* at 7, lists diversity as the basis for jurisdiction, but the Complaint fails to set forth allegations supporting that the amount in controversy requirement is met for diversity jurisdiction. Accordingly, even if the Motion for IFP had been granted, the Complaint remains subject to dismissal.

Finally, the Motion to Seal does not demonstrate that the filings should be withheld from the public. "[T]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564–74 (1980)). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g., Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). Where a court "attempts to deny access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to that interest."

*Newman v. Graddick*, 696 F.2d 796, 802–03 (11th Cir.1983); *see also Brown*, 960 F.2d at 1015–16 (11th Cir.1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir.1992). Here, the Motion to Seal requests that the Complaint and other documents be sealed "due to the personal and private nature of the complaint surrounding trauma and mental health disabilities." ECF No. [4]. However, Plaintiff has not pointed to any confidential information, and the mere fact that one suffers from disabilities does not compel sealing a case from the public.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.
2. The Motion for IFP, **ECF No. [3]**, is **DENIED**, and the Motion to Seal, **ECF No. [4]**, is **DENIED**.
3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 23, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Amy L. Malkin
2216 NW 73 Terrace
Pembroke Pines, FL 33024